**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings Under Chapter 7 |
| | ) | |
| JERRY R. SKELTON and | ) | Case No. 24-60115-mel |
| JEAN E. SKELTON, | ) | |
| | ) | Adversary No. 24-06006-mel |
| Debtors. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| ROBERT E. EGGMANN, solely in his | ) | |
| capacity as chapter 7 trustee | ) | |
| for Debtors Jerry R. Skelton and | ) | |
| Jean E. Skelton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUARDIAN LITIGATION GROUP, LP, | ) | |
| a District of Columbia limited partnership, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION FOR AN ORDER APPROVING THE COMPROMISE AND SETTLEMENT**
**OF AN ADVERSARY ACTION**

COMES NOW Plaintiff Robert E. Eggmann, solely in his capacity as chapter 7 trustee for Jerry R. Skelton and Jean E. Skelton, by and through his attorneys, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and for this *Motion for an Order Approving the Compromise and Settlement of an Adversary Action* (the "Motion") respectfully states as follows:

1.      This Motion seeks an order of this Court approving the compromise and settlement of an adversary proceeding commenced by Plaintiff Robert E. Eggmann ("Plaintiff" or "Trustee"), pursuant to 11 U.S.C. §§ 548 and 550, to avoid and recover certain alleged fraudulent transfers made by Debtors Jerry R. Skelton and Jean E. Skelton (the "Debtors") to Defendant Guardian Litigation Group, LP ("Defendant").

{24378/00001/4013783.DOCX.}

**The Parties.**

2.        On July 25, 2024 (the "Petition Date"), Debtors filed a voluntary bankruptcy petition under chapter 7 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Illinois (this "Court") under Case No. 24-60115. Debtors' chapter 7 bankruptcy case is currently pending before this Court.

3.        Trustee is the duly appointed and qualified trustee in Debtors' chapter 7 bankruptcy case.

4.        Defendant is a Texas limited liability partnership, doing business in the State of Illinois.

**Background Information.**

5.        During the 2-year period immediately preceding the Petition Date, Debtors made a series of payments to Defendant allegedly for purposes of debt consolidation and resolution, which transfers Trustee believed and has alleged to be fraudulent transfers within the meaning of Section 548 of the Bankruptcy Code (collectively, the "Transfers"), subject to avoidance and recovery by the Trustee on behalf of the bankruptcy estate.

6.        Defendant denies that the Transfers were fraudulent transfers and denies that they are properly subject to avoidance and recovery by the Trustee.

**The Adversary Action and Settlement.**

7.        On October 14, 2024, Trustee filed *Trustee's Adversary Complaint to Avoid and Recover Fraudulent Transfers, Pursuant to 11 U.S.C. §§ 548 and 550* [Doc. 1] (the "Complaint"), commencing an adversary proceeding within the meaning of Rule 7001(a) of the Federal Rules of Bankruptcy Procedure.

8. Defendant denies all of the claims asserted by Trustee in the Complaint and alleges certain defenses to the same.

9. Subject to this Court's approval, in full satisfaction of the allegations raised in the Complaint, the parties have agreed to a proposed settlement of all claims (the "Settlement"), whereby Defendant agrees to pay within 30 days of the date of an order approving this Settlement, and Trustee agrees to accept, the sum of $2,009.87 (the "Settlement Amount"), payable to "Robert E. Eggmann, trustee for Jerry Skelton and Jean Skelton," at 120 S. Central Ave., Suite 1800, St. Louis, Missouri 63105.

10. Pursuant to Bankruptcy Rule 9019, upon motion and after notice and hearing, a bankruptcy court may approve a proposed compromise and settlement. FED. R. BANKR. P. Rule 9019(a).

11. The paramount question for the bankruptcy court in determining whether to approve a bankruptcy settlement is whether the compromise is in the best interests of the estate. *In re Doctors Hospital of Hyde Park,* 474 F.3d 421, 426 (7th Cir. 2007). "The linchpin of the 'best interests of the estate' test is a comparison of the value of the settlement with the probable costs and benefits of litigating." *Id.* (citing *In re Energy Coop.,* 886 F.2d 921, 927–29 (7th Cir. 1989)). Factors to be considered are the litigation's probability of success, complexity, expense, inconvenience, and delay, "including the possibility that disapproving the settlement will cause wasting of assets." *Id.* (quoting *In re Am. Reserve,* 841 F.2d 159, 161 (7th Cir. 1987)). "As part of this test, the value of the settlement must be reasonably equivalent to the value of the claims surrendered. This reasonable equivalence standard is met if the settlement falls within the reasonable range of possible litigation outcomes." *Id.* In conducting such an analysis, "a precise determination of likely outcomes is not required, since 'an exact judicial determination of the

values in issue would defeat the purpose of compromising the claim.'" *In re Telesphere Communications, Inc.,* 179 B.R. 544, 553 (Bankr. N. D. Ill. 1994) (quoting *In re Energy Coop.,* 886 F.2d at 927).

12.     Given the risks and costs involved in litigating this adversary matter, Trustee believes that it is in the best interest of the bankruptcy estate that the Court approve this proposed compromise and settlement between Trustee and Defendant of the alleged fraudulent transfers.

13.     The Settlement represents a fully negotiated settlement between Trustee and Defendant.

14.     Trustee, on behalf of the Trustee and the bankruptcy estate, requests authorization to enter into, execute on behalf of Trustee and the bankruptcy estate, and deliver to Defendant, any and all release documentation and other documents or instruments, if any are so requested, as necessary or appropriate in order to effectuate the Settlement.

WHEREFORE, Plaintiff Robert E. Eggmann, Trustee, respectfully prays this Court enter its Order as follows:

a.     granting this Motion;

b.     approving the proposed compromise and settlement between Defendant and Trustee of the alleged fraudulent transfers;

c.     authorizing Trustee to receive and Defendant to pay the sum of $2,009.87 in full settlement of this cause of action;

d.     authorizing Trustee, on behalf of the Trustee and the bankruptcy estate, to enter into, execute on behalf of the Debtors and the estate, and deliver to Defendant, any and all release documentation and other documents or instruments, if any are so requested, as necessary or appropriate in order to effectuate the Settlement;

e. and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

ROBERT E. EGGMANN, CHAPTER 7 TRUSTEE

By: */s/ Robert E. Eggmann*
ONE OF HIS ATTORNEYS

Robert E. Eggmann, Illinois Bar # 6203021
Becky R. Eggmann, Illinois Bar # 6203020
CARMODY MACDONALD P.C.
120 S. Central Ave., Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
Fax No. (314) 854-8660
ree@carmodymacdonald.com
bre@carmodymacdonald.com

{24378/00001/4013783.DOCX.}  9